[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 7, 1990, the plaintiff's claimant, Robert Dreher, was injured in a single car accident when his wife lost control of the vehicle. Robert Dreher made a claim against his wife and exhausted the limits of liability on this vehicle. The plaintiff is now making a claim under a policy issued by Progressive Casualty wherein he was the named insured.
The Progressive Casualty policy provides liability and uninsured/underinsured motorist coverage to plaintiff in the amount of $500,000. That coverage, however, is subject to certain limitations. Based upon the policy limitations and exclusions, the defendant Progressive Casualty moves for summary judgment. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Gurliacci v. Mayer, 218 Conn. 531, 562 (1991).
The parties dispute whether Robert Dreher or his wife is the owner of the vehicle involved in the accident. However, under the policy definitions and exclusions, this dispute does not create a genuine issue of material fact. The policy definition of uninsured motor vehicle does not include a vehicle owned by or furnished or available for the regular use of the insured or a relative. The policy also excludes bodily injury CT Page 1824 sustained by a person while occupying a motor vehicle owned by the named insured or a relative. Under the policy, "relative" is defined as the named insured or "a person living in your household related to you by blood [or] marriage." Thus, under this definition and exclusion, Robert Dreher is excluded from coverage whether he was the owner of the vehicle involved in the accident or a passenger in a vehicle owned by his wife.
"When an insurer seeks to limit its liability for uninsured or underinsured motorist coverage based on a regulation issued pursuant to General Statutes 38-175c [now 38a-336], it may do so only to the extent that the regulation expressly authorizes." Lowery v. Valley Forge Ins. Co., 224 Conn. 152, 156 (1992). "In order for a policy exclusion to be expressly authorized by a statute or regulation, there must be a substantial congruence between the statute or regulatory provision and the policy provision." Id. Conn. Dept. Reg. 38-175a-6 (c)(2) provides that "the insured's obligation to pay may be made inapplicable if the uninsured motor vehicle is owned by (A) the named insured or any relative who is a resident of the same household or is furnished for the regular use of any of the foregoing . . ." This regulation is in substantial congruence with the language contained in the plaintiff's Progressive Casualty policy. The policy provision which is permitted by the regulation does provide uninsured/underinsured motorist coverage to the plaintiff under the facts of the instant case.
For the reasons stated, Progressive Casualty's motion for summary judgment is granted.
SYLVESTER, J.